# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AIWA CORPORATION, | ) | Case No. 21-07702 (DLT) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## BID PROCEDURES

Set forth below are the bid procedures (the "Bid Procedures") to be employed with respect to a proposed sale of the operating assets of Aiwa Corporation (the "Debtor") as a going concern transaction (the "Sale"). The Sale contemplated by these Bid Procedures is subject to competitive bidding as set forth herein and approval by the Bankruptcy Court (as defined herein) pursuant to Sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code").

On August 26, 2021, the Debtor filed its *Motion for Order Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 to (A) Approve Comprehensive Sale Process, (B) Approve Bid Procedures and Certain Bid Protections, (C) Schedule a Sale Hearing, (D) Approve Form and Manner of Notice Related Thereto, (E) Authorize Sale Free and Clear of All Liens, Claims, Interests and Encumbrances, (F) Authorize Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Proposed Cure Amounts with Respect Thereto and (G) Grant Related Relief* [Docket No. ---] (the "Sale Motion"). In September, 2021, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") entered its *Order Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 (A) Approving Comprehensive Sale Process, (B) Approving Bid Procedures and Certain Bid Protections, (C) Scheduling a Sale Hearing, (D) Approving Form and Manner of Notice Related Thereto, (E) Authorizing Sale Free and Clear of All Liens, Claims, Interests and Encumbrances, (F) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Proposed Cure Amounts with Respect Thereto and (G) Granting Related Relief* [Docket No. ---] (the "Bid Procedures Order") approving these Bid Procedures. Pursuant to these Bid Procedures, if any Qualified Bids are received before the Bid Deadline, an Auction, as described herein, shall take place on October 6, 2021. The Bid Procedures Order establishes October 14, 2021 as the date the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to approve the Sale.

The Bid Procedures set forth herein describe, among other things, the manner in which bidders and bids become "Qualified Bidders" and "Qualified Bids," respectively (as defined herein), the receipt and negotiation of bids received, the conduct of any Auction (as defined herein), the ultimate selection of the Successful Bidder (as defined herein) and the Bankruptcy Court's approval thereof (collectively, the "Bidding Process").

Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Sale Motion.

### Sale of Assets as a Going Concern

The Debtor is entertaining bids for sale of all or substantially all of its operating assets ("Operating Assets") at Auction.

In addition, (i) the Successful Bidder shall assume the Assumed Liabilities as may be set forth in any purchase agreement and (ii) the Debtor shall assume and assign any executory contracts or unexpired leases to the Successful Bidder, as may be set forth in any purchase agreement(s) accepted by the Debtor.

### "As Is, Where Is"

Any sale transaction entered into with the Debtor for the Operating Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, its agents, or estate, except as may be set forth in a purchase agreement(s) with a Successful Bidder(s) approved by the Bankruptcy Court.

### Free of Any and All Claims and Interests

Any transaction entered into with the Debtor shall be free and clear of all liens, claims, interests and encumbrances (collectively, the "Claims and Interests") with such Claims and Interests to attach to the net proceeds of the sale.

### Participation and Bid Requirements

The Debtor has received a bid from Aiwa Acquisitions, LLC (the "Stalking Horse") to purchase the Operating Assets that it has selected as the stalking horse bid (the "Stalking Horse Bid"). Any other person or entity who wishes to participate in the Bidding Process (a "Potential Bidder") must become a Qualified Bidder. As a prerequisite to becoming a Qualified Bidder, a Potential Bidder must deliver the following documents to the Debtor, William Avellone, the subchapter V trustee (the "Trustee"), and Hilco IP Services, LLC, sale consultant and auctioneer ("Hilco Streambank") at the addresses set forth below, in advance of the Bid Deadline (as defined below), in a form and substance acceptable to the Debtor and its advisors (the "Required Bid Documents"):

(a) Evidence of the Potential Bidder's financial ability to close a transaction, in a form and substance acceptable to the Debtor in its sole discretion, in consultation with the Trustee. Such evidence may take the form of, among other things, current audited financial statements, bank statements, evidence of a financing commitment, or such other documentation as the Debtor may accept in its sole discretion;

(b) A letter stating that the Potential Bidder's offer is irrevocable until immediately

following the closing of the Sale, and setting forth (i) for the liabilities (if any) to be assumed, (ii) any assets expected to be excluded from the transaction, and (iii) the structure and financing of the transaction (including, but not limited to, the sources of financing);

(c) A binding, executed and definitive copy of the form Asset Purchase Agreement attached to the Sale Motion (the "APA"), together with all schedules thereto marked to show changes (if any) to the APA and schedules that the Potential Bidder proposes (a "Marked APA"), including the amount of consideration to be paid;

(d) A good faith earnest money cash deposit (the "Deposit") in an amount equal to ten percent (10%) of its bid;

(e) evidence of corporate authority to enter into the transaction;

(f) An executed confidentiality agreement (a "Confidentiality Agreement") in a form and substance acceptable to the Debtor; and

(g) Any additional information reasonably requested by the Debtor or Trustee.

A Potential Bidder (i) who delivers the documents described in the previous subparagraphs above, (ii) whose financial information and credit-quality support or enhancement demonstrate the financial capability of such Potential Bidder to consummate the Sale, if selected as the Successful Bidder, (iii) who the Debtor determines is likely (based on availability of financing, experience, and other considerations) to be able to consummate the Sale within the time frame provided by the APA, and (iv) whose bid constitutes a "**Qualified Bid**" pursuant to these Bid Procedures, shall be deemed a "**Qualified Bidder**." For the avoidance of doubt, upon the Stalking Horse's payment of the Deposit), the Stalking Horse will be a Qualified Bidder. As promptly as practicable after a Potential Bidder delivers all of the materials required above, the Debtor shall determine whether such Potential Bidder is a Qualified Bidder, consult with its advisors and the Trustee as may be appropriate, and shall notify the Potential Bidder of the same.

A bid will be deemed a "Qualified Bid" and considered by the Debtor only if the bid:

(a) is on terms and conditions (other than the amount of the consideration and the particular liabilities being assumed) that are substantially similar to, and are not materially more burdensome or conditional to the Debtor than, those contained in the APA, and (ii) provides cash value on the closing date greater than $200,000 more than the cash value of the Stalking Horse Bid (as defined herein) as of the closing date;

(b) contains no contingencies of any type affecting the closing of the Sale, other than Bankruptcy Court approval of the transaction;

(c) other than the Stalking Horse Bid, is not conditioned upon any bid protections (such as a topping fee, termination fee, expense reimbursement, or similar type

    of payment);

(d) contains an acknowledgement and representation that the bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Debtor and its assets and business prior to making its offer, (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the business and assets of the Debtor in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Debtor's business or assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the APA;

(e) includes a list of any contracts or leases designated for assumption and assignment, a list of Assumed Liabilities (if any), and a commitment to consummate the transaction and the assumption of the Assumed Liabilities (if any) within not more than fifteen (15) days after entry of an order by the Bankruptcy Court approving such transaction;

(f) discloses (i) the identity of the Potential Bidder and each entity participating in connection with the Potential Bidder and the complete terms of such participation, and (ii) any other term sheets and other written or oral understandings between the Potential Bidder and its affiliates on one hand, and any insider (as defined in section 101(31) of the Bankruptcy Code) of the Debtor, on the other; and

(g) is received by the Bid Deadline.

***All bids for a transaction must contemplate payment in cash, in full, of all amounts due upon the closing of the transaction and provide adequate security for any obligations due after the closing date acceptable to the Debtor after consultation with the Trustee.*** The Debtor, in consultation with the Trustee, reserves the right to disqualify as an otherwise Qualified Bid any bid that is not for cash, or does not otherwise comply with the above requirements.

Notwithstanding the foregoing, the Debtor shall have the right, in its sole and absolute discretion, after consultation with the Trustee, to entertain bids that do not conform to one or more of the requirements specified herein and deem such bids to be Qualified Bids; *provided, however,* that no bid shall be deemed by the Debtor to be a Qualified Bid unless such bid proposes a transaction that the Debtor determines, in its sole discretion after consultation with the Trustee, has a minimum value of at least $200,000 more than the cash consideration of the Stalking Horse Bid as of the closing date, including the assumption of the Assumed Liabilities (if any), taking into account all material terms of any such bid. A Qualified Bid will be valued, among other things, based upon factors such as the net value provided by such bid, the likelihood and timing of consummating such transaction and any other factors that the Debtor may deem relevant to the transaction. In addition, notwithstanding the foregoing, Aiwa Holdings, LLC is entitled to participate in any Auction as a Qualified Bidder pursuant and subject to the terms and provisions set forth below.

The Debtor reserves the right to cancel, and not conduct, the Auction (as defined below) if the Debtor does not receive any Qualified Bids, other than the Stalking Horse Bid, by the Bid Deadline. In such event, the Debtor will file a Notice of No Auction with the Bankruptcy Court, and the previously scheduled Auction will be cancelled.

### Due Diligence

Following execution of a Confidentiality Agreement, the Debtor shall afford each interested party an opportunity to perform due diligence with respect to its business and assets. Due diligence access may include access to the Debtor's online due diligence data room and management presentations as may be scheduled by the Debtor, on-site inspections, and such other matters which an interested party may reasonably request and as to which the Debtor, in its sole discretion, may agree. The Debtor shall designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from interested parties. No due diligence shall continue after the Bid Deadline. The Debtor may, in its discretion, coordinate diligence efforts such that multiple interested parties have simultaneous access to due diligence materials and/or simultaneous attendance at management presentations.

Each Qualified Bidder shall be deemed to acknowledge and represent that (i) it has had an opportunity to conduct any and all due diligence regarding the Debtor's business and assets prior to making its offer, (ii) it has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the business and assets in making its bid, (iii) it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the business or assets, or the completeness of any information provided in connection therewith, the Bidding Process or the Auction (as defined herein), except, as to any Stalking Horse, as expressly stated in the APA, and as to a Successful Bidder other than a potential Stalking Horse, as expressly stated in the definitive agreement with such Successful Bidder approved by the Bankruptcy Court, and (iv) that it has not engaged and will not engage in collusion in connection with the bidding process at any time.

### Bid Deadline

A Qualified Bidder (other than the Stalking Horse) who desires to make a bid shall deliver written copies of its bid to each of the following, no later than 12:00 Noon Central Time on October 4, 2021 (the "Bid Deadline"):

| Counsel to the Debtor: <br> FrankGecker LLP <br> 1325 West Washington Blvd., Ste. 5 G-H <br> Chicago, Illinois 60607 <br> Attn: Jeremy C. Kleinman <br> Email: jkleinman@fgllp.com | Trustee <br> William Avallone <br> Chartered Management Company <br> 10 S. Riverside Plaza, Suite 875 <br> Chicago, Illinois 60606 <br> Email: bill.avallone@charteredmgt.com |
|---|---|

| | |
|---|---|
| Sale Consultant and Auctioneer<br>Hilco Streambank<br>1500 Broadway, Ste. 810<br>New York, NY 10036<br>Attn: Gabriel Fried, Richelle Kalnit, and Jordon Parker<br>Email: gfried@hilcoglobal.com;<br>rkalnit@hilcoglobal.com; and<br>jparker@hilcoglobal.com | |

**Stalking Horse Declaration and Break-Up Fee**

As set forth in the Sale Motion, the Debtor has agreed after, consulting with the Trustee, and subject to Bankruptcy Court approval, to provide a break-up fee to the Stalking Horse on account of the Stalking Horse Bid, in an amount not to exceed 3% of the minimum value of such purchaser's transaction consideration, as the same will further the goals of the Bid Procedures by setting a floor which all other Qualified Bids must exceed (the "Break-Up Fee"). The Break-Up Fee shall only be payable if (i) the Stalking Horse, being ready, willing and able to close its transaction, is not the Successful Bidder at the Auction, (ii) the Bankruptcy Court authorizes the Debtor to enter into an alternative transaction, and (iii) such alternative transaction actually closes. Notwithstanding the foregoing, if the Stalking Horse becomes a Back-up Bidder at an amount in excess of its Stalking Horse Bid, and the Successful Bidder fails to close, the Stalking Horse shall be entitled to a credit of the Break Up Fee to be applied against any amounts it pays in excess of the Stalking Horse Bid. Payment of the Break-Up Fee shall otherwise be governed by the terms and provisions of the Bid Procedures Order.

**Auction**

If the Debtor receives at least one Qualified Bid, an auction (the "Auction") will be conducted, upon notice to all Qualified Bidders who have submitted Qualified Bids, at 12:00 p.m. (prevailing Central Time) on October 6, 2021 via Zoom Videoconference, with instructions provided to each Participating Party (defined below), in accordance with the following procedures:

(a) Only the following persons shall be entitled to attend the Auction: (i) professionals and principals or members of the Debtor, including Hilco Streambank, (ii) the Trustee, (iii) Counsel to Aiwa Holdings LLC, (iv) representative of the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), and (v) professionals and principals or members of any Qualified Bidder who has timely submitted a Qualified Bid (collectively, the "Participating Parties"). Only Qualified Bidders will be entitled to make any subsequent Qualified Bids at the Auction.

(b) At least two (2) Business Days prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Debtor and the Trustee whether

  it intends to participate in the Auction.  At the commencement of the Auction, Qualified Bidders in attendance will be informed of which Qualified Bid the Debtor believes is the highest or otherwise best offer, and from which bidding will begin.

(c) All Participating Parties shall be entitled to be present for all Subsequent Bids (as defined below) with the understanding that the true identity of each bidder shall be fully disclosed to all other bidders and that all material terms of each Subsequent Bid shall be fully disclosed to all Participating Parties throughout the entire Auction, unless the Debtor, in its sole discretion, after consultation with the Trustee, determines to modify the procedures of the Auction.

(d) The Debtor may employ and announce prior to or during the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bid Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court entered in connection herewith, and after consulting with the Trustee regarding the same.  For the avoidance of doubt, and for the purposes of illustration only, the Debtor, in its sole discretion, after consultation with the Trustee, and without any further court approval, may decide to modify the procedures of the Auction in any way, including but not limited to, moving at any time (whether before or during the Auction) to a sealed bid auction format, or a combination of open and sealed bid auction format, for as many (or as few) rounds as it may designate.

(e) Bidding at the Auction shall begin with the highest or otherwise best Qualified Bid as identified by the Debtor at the onset of the Auction (the "Baseline Bid") and continue in minimum increments of at least $25,000.00 (which increments may be increased or decreased by the Debtor, in its sole discretion, in consultation with the Trustee) higher than the previous bid or bids ("Subsequent Bids").  The Auction shall continue in one or more rounds of bidding and shall conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge and written confirmation of the then-existing highest bid or bids.

  The Debtor shall maintain a transcript of the proceedings at the Auction, including the Baseline Bid, all Subsequent Bids and the Successful Bid (as defined below).

### Selection Of Successful Bid

  At the conclusion of the Auction, or as soon thereafter as practicable, the Debtor, in consultation with the Trustee, shall select the highest or otherwise best Qualified Bid received at the Auction (the "Successful Bid") after taking into account such factors as the Debtor deems pertinent including, but not limited to, facts affecting the speed and certainty of consummating the transaction the minimum value of the bid and receiving the value contemplated therein, as well as the financial wherewithal of  the bidder making such bid (the "Successful Bidder").

The Debtor shall enter into the transaction representing the highest or otherwise best Qualified Bid with the Successful Bidder, upon approval of such Successful Bid by the Bankruptcy Court at a hearing to be conducted at 9:30 a.m. (prevailing Central time) on September 30, 2021 (the "Sale Hearing").

All bidders at the Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Auction, the Sale and the construction and enforcement of any purchase agreement.

### Back-Up Bidder

If there is an Auction, the Qualified Bidder that submits the second highest Bid at the Auction, as determined in the Debtor's sole discretion, shall be required to serve as the back-up bidder (the "Back-Up Bidder") and keep such Back-Up Bidder's highest Bid (the "Back-Up Bid") open and irrevocable until the earlier of (i) 5:00 p.m. (prevailing Central Time) on the date which is twenty-one (21) days after the date of the Sale Hearing, and (ii) the closing of the transaction with the Successful Bidder (the "Outside Back-Up Date").  If, following the Sale Hearing and prior to the Outside Back-Up Date, the Successful Bidder fails to consummate an approved transaction because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to have the new Successful Bid, and the Debtor will be authorized, without further order of the Bankruptcy Court, to consummate the transaction with the Back-Up Bidder.  The Debtor will provide notice to the prior designated Successful Bidder and the Trustee of any failure by the Successful Bidder to close the transaction and the election to proceed to close a transaction with the Back-Up Bidder.

### Right to Credit Bid

Any creditor that has a valid, perfected and enforceable security interest (a "Security Interest") in the Debtor's assets (any such creditor, a "Secured Party") shall have the right to make one or more credit bids of all or any portion of the secured claim(s) held by such Secured Party at the Auction to the full extent permitted by section 363(k) of the Bankruptcy Code (a "Credit Bid"). To qualify to Credit Bid, a Secured Party must be a Qualified Bidder and a Credit Bid must qualify as a Qualified Bid. For the avoidance of doubt, among all other requirements contained herein, a Secured Party must submit a Deposit and proof of its financial wherewithal as described herein in order for its bid to be considered a Qualified Bid.  Aiwa Holdings, LLC is deemed to be a Qualified Bidder and shall be permitted to Credit Bid in an amount up to $3.5 million, which Credit Bid shall be deemed a Qualified Bid, without prejudice to its ability to seek authorization from the Bankruptcy Court to make a Credit Bid in a higher amount, or as may subsequently be agreed to by the Debtor and disclosed at the start of the Auction.

### The Sale Hearing

The Sale Hearing is currently scheduled to take place before the Honorable Deborah L. Thorne, United States Bankruptcy Judge, on October 14, 2021 at 9:30 a.m. (prevailing Central Time) in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, via Zoom Videoconference.  The Sale Hearing may be adjourned or rescheduled by the

Debtor without notice other than by an announcement made at the Sale Hearing.

The Debtor will not be bound by a Successful Bid or a Back-up Bid unless and until the Bankruptcy Court has approved the same. Following Bankruptcy Court approval of a transaction with the Successful Bidder, if the Successful Bidder fails to consummate the transaction for any reason, then the Back-Up Bidder will be deemed to be the Successful Bidder and the Debtor will enter into a transaction with the Back-Up Bidder on the terms of the Back-up Bid without any further motion or Order of the Bankruptcy Court, and the Debtor may pursue any and all available remedies against the Successful Bidder in connection with its failure to consummate the Sale.

The Deposit (together with interest, if any, thereon) of the Back-Up Bidder will not be returned until two (2) business days following the closing of the Sale. The Deposit (together with interest, if any, thereon) of all other Qualified Bidders will be returned within 48 hours of the Auction. The Deposit of the Successful Bidder (together with interest, if any, thereon) shall be applied against the payment of the transaction consideration upon the closing of the transaction. In the event a Bidder fails to close as a result of its own default, its Deposit shall be released to, and retained by, the Debtor.

## Reservation Of Rights

Notwithstanding any term to the contrary herein, the Debtor, in consultation with the Trustee, reserves the right to: (i) modify the Bid Procedures at any time (including during the Auction); (ii) determine which Qualified Bid, if any, is the highest or otherwise best offer; and (iii) reject at any time, any bid that is: (a) inadequate or insufficient (in the Debtor's sole and absolute discretion); (b) not in conformity with the requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of the APA; or (c) contrary to the best interests of the Debtor, its estate, and creditors as determined by the Debtor in its sole discretion.